**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIHUA SONG,

        Plaintiff - Appellee,

  v.

WENBIN QUE, AKA Chee Hon Lee,

        Defendant - Appellant,

and

XIAOLAN HE, SHIXIN LIN,

        Defendants.

No. 24-4129

D.C. No.
3:23-cv-02159-RFL

MEMORANDUM[*]

LIHUA SONG,

        Plaintiff - Appellee,

  v.

WENBIN QUE, AKA Chee Hon Lee,

        Defendant - Appellant.

No. 24-4980

D.C. No.
3:23-cv-02159-RFL

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 8, 2025
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.***

Wenbin Que appeals the district court's order granting a petition to confirm a foreign arbitration award ("Award") in Lihua Song's favor. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2517, provides the exclusive grounds upon which we may refuse to confirm a foreign arbitration award. N.Y. Convention, art. V. Our review of a foreign arbitration award is "quite circumscribed—[r]ather than review the merits of the underlying arbitration, we review de novo only whether the party established a defense under the [New York] Convention." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys.*, 665 F.3d 1091, 1103 (9th Cir. 2011) (quotation marks omitted). Any "defenses are construed narrowly, and the party opposing

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

　　　　　　　　　　　　　　24-4129

recognition or enforcement bears the burden of establishing that a defense applies." *Id.* at 1096.

1. The district court did not err in its determination that Que failed to present a defense under Article V(1)(a) of the New York Convention. The parties agreed that the validity of the Income Guarantee Agreement ("Agreement") would be determined by the Chengdu Arbitration Commission, and that such a determination would be "final and binding upon the parties." An arbitral tribunal from the Chengdu Arbitration Commission found that there were no Chinese laws regarding contract formation or stock transfers that invalidated the Agreement. *Cf. E. Associated Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000) (stating that when parties have "bargained for the arbitrator's construction of their agreement," "courts will set aside the arbitrator's interpretation of what their agreement means only in rare instances" (internal citation and quotation marks omitted)).

2. The district court did not err in its determination that Que failed to present a defense under Article V(1)(b) of the New York Convention. *See* N.Y. Convention, art. V(1)(b) (court may refuse to confirm award when "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings"). Que's argument that he lacked notice of the first arbitration hearing, and of the arbitral tribunal's composition, is

refuted by evidence in the record that the hearing materials were properly mailed to his place of residence.

3. The district court did not err in its determination that Que failed to present a defense under Article V(2)(b) of the New York Convention, which applies only when an award's confirmation "would violate the forum state's most basic notions of morality and justice." *Ministry of Def. & Support*, 665 F.3d at 1097 (quoting *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier (RAKTA)*, 508 F.2d 969, 974 (2d Cir. 1974)). Although one arbitrator's conduct during the second arbitral hearing reflected a concerning lack of attention, Que failed to show that enforcing the Award would violate United States public policy since (1) Que never objected to the arbitrator's conduct during the hearing or within the four-month period between the hearing and the Award; (2) the remaining two arbitrators were attentive to the parties; and (3) Que was given the opportunity to provide supplemental written testimony following the hearing. *See Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993) ("[I]t is well settled that a party may not sit idle through an arbitration procedure and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse.").

**AFFIRMED.**